AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America<br>v.<br>David Bernard Rockett, | )<br>)<br>)<br>)<br>)<br>) | Case No. 13-8243-DLB |
| *Defendant(s)* | | |

FILED by _____ D.C.
MAY 13 2013
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __05/09/13__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C., Sections 1326(a) and (b)(2) | Illegal Re-Entry into the United States After Deportation of an Aggravated Felon |

This criminal complaint is based on these facts:
see attached affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Scott H. Stacy, Border Patrol Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 5-13-13

_____
*Judge's signature*

City and state: West Palm Beach, Florida

Dave Lee Branon, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Scott Stacy, being duly sworn, depose and state:

1. I am a Border Patrol Agent with the Department of Homeland Security, Customs and Border Protection (CBP) (formerly Immigration and Naturalization Service), United States Border Patrol and have been so employed for sixteen (16) years. I am currently assigned to the West Palm Beach Border Patrol Station, Riviera Beach, Florida. The station is located in the Southern District of Florida.

2. As a Border Patrol Agent, my duties include the detection and interdiction of individuals illegally entering the United States, and those aliens who are currently within the United States illegally. I am trained in detecting and locating individuals suspected of assisting aliens in their illegal entry into the United States by any means. I am also responsible for the investigation and processing of aliens who are entering or residing illegally in the United States as well as the investigation of people responsible for the smuggling of such undocumented aliens.

3. This affidavit is based upon an ongoing investigation. The information herein is further based on my review of the U.S. Citizenship and Immigration Service (USCIS) File Number A\*\*\*\*\*\*985, court documents and reports, and interviews of Defendant. The statements contained in this affidavit are based upon my own personal knowledge, as well as information provided to me by other law enforcement officials and employees of CBP. I have not included in this affidavit each and every fact and

1

circumstance known to me, but only the facts and circumstances that I believe are sufficient to establish probable cause that David Bernard ROCKETT aka Christopher McAlmon aka Christopher McHatley has committed a violation of Title 8, United States Code, Section 1326(a) and (b)(2), illegal re-entry into the United States after deportation of an aggravated felon.

## FACTUAL BACKGROUND

4. On May 9, 2013, at approximately 6:15 a.m., the West Palm Beach Border Patrol Station responded to a call for assistance from the Palm Beach Police Department in reference to a possible migrant landing that had taken place on Palm Beach Island, Florida.

5. Officers advised Agents that at approximately 5:20 a.m., the Palm Beach Police Department responded to a call for a suspicious group of people in the back of a parking lot near the 300 block of South Lake Drive in Palm Beach Island, Palm Beach County in the Southern District of Florida. Further investigation by the Palm Beach Police Department resulted in the apprehension of five foreign nationals suspected of being part of a migrant landing that had taken place near Ocean Boulevard and the intersection of Brazilian Avenue.

6. Four of the subjects were in custody at the Palm Beach Police Department and one was in custody at Good Samaritan Hospital being evaluated for difficulty breathing due to chronic asthma and who had also injured his leg.

7. An agent on scene, at the police department, identified himself as a Border Patrol agent and questioned the four subjects as to their citizenships. One of the subjects, later identified as David Bernard ROCKETT, identified himself as a Jamaican national who admitted to being in the U.S. illegally and could not produce any immigration documents to be or remain in the U.S. legally. The remaining three subjects identified themselves as Haitian nationals and were not able to produce any type of immigration documents to be or remain in the U.S. legally.

8. All four subjects, including ROCKETT, were placed under administrative arrest and transported to the Border Patrol Station for further investigation and processing. The other alien was interviewed at the hospital and was identified as an illegal alien from Jamaica that had just arrived by boat.

9. ROCKETT was enrolled into the DHS e3 Processing System wherein the ROCKETT'S biographical information, a photograph, and fingerprints are searched in the Automated Biometric Identification System (IDENT) and the Integrated Automated Fingerprint Identification System (IAFIS). The two systems check prior immigration and criminal history records based on input fingerprints.

10. ROCKETT was positive in both systems. ROCKETT was ordered removed on March 31, 2000, and was removed on May 19, 2000 and September 24, 2009, from the United States to Jamaica.

11.	Checks were conducted in the DHS and USCIS computer databases. Information contained in the USCIS database indicated that ROCKETT had been last removed from the United States on September 24, 2009 and that ROCKETT had not obtain permission from the Secretary of Homeland Security to reenter the United States.

12.	A request was made to the National Records Center, Saint Louis, Missouri for ROCKETT'S alien registration file. A request for a record of Non-Existence from the U.S. Citizenship and Immigration Services, Royal Palm Beach, Florida was requested and when obtained will confirmed that ROCKETT did not obtain permission from the *DH* Secretary of Homeland Security to legally return to the United States after removal.

13.	On May 9, 2013, ROCKETT provided a post Miranda statement. ROCKETT stated that he was a citizen of Jamaica and that he had been removed twice, once in 2000 and once in 2009. ROCKETT stated that he did not request or obtain permission to reenter the United States legally.

14.	On or about July 19, 1999, ROCKETT was convicted of Trafficking in COCAINE (under the name Christopher Hatley). Pursuant to Title 8, United States Code, Section 1101(a)(43)(B), a violation of 18 USC 1029(a)(1), 1029(c) and 2 is an aggravated felony.

WHEREFORE, on the basis of the foregoing, your affiant submits that probable cause exists to charge defendant David Bernard ROCKETT with violation of Title 8,

4

United States Code, Section 1326(a) and (b)(2), that is, Illegal Re-Entry into the United States After Deportation of an Aggravated Felon.

FURTHER AFFIANT SAYETH NAUGHT.

_____
SCOTT STACY
BORDER PATROL AGENT
UNITED STATES BORDER PATROL

Sworn and subscribed to before me this 13th day of May 10, 2013.

_____
DAVE LEE BRANNON
UNITED STATES MAGISTRATE JUDGE

5

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 13-8243-DLB

### BOND RECOMMENDATION

DEFENDANT: DAVID BERNARD ROCKETT

PRE-TRIAL DETENTION
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA:   EMALYN WEBBER

Last Known Address: _____

What Facility: _____

Agent(s): S/A SCOTT H. STACY
(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)
U.S. DEPARTMENT OF HOMELAND SECURITY
WEST PALM BEACH, FLORIDA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No.  13-8243-DLB

**UNITED STATES OF AMERICA**

vs.

**DAVID BERNARD ROCKETT,**

           **Defendant.**
_____/

### CRIMINAL COVER SHEET

1.  Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?  _____ Yes  _x_ No

2.  Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?  _____ Yes  _x_ No

                         Respectfully submitted,

                         WIFREDO A. FERRER
                         UNITED STATES ATTORNEY

BY:  _____
     EMALYN WEBBER
     ASSISTANT UNITED STATES ATTORNEY
     Florida Bar No. 407501
     500 S. Australian Ave., Suite 400
     West Palm Beach, Florida  33501
     TEL (561) 820-8711
     FAX (651) 802-1787